UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

Case No.: 09-34631

**INTEGRITY MANUFACTURING, LLC**          Chapter 7

Debtor

**MOTION FOR EXTENSION OF TIME TO
FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS**

Comes Integrity Manufacturing, LLC ("Integrity") pursuant to B.R. 9006(B), by counsel, and hereby requests the Court enter the attached proposed order extending the deadline for filing schedules and the statement of financial affairs for the following reasons:

1. Integrity Manufacturing, LLC filed a voluntary petition for relief under Chapter 7 of Title 11 on September 11, 2009. The petition was filed following unanimous consent and resolution executed September 11, 2009 by the sole members of Integrity Manufacturing, LLC, Randall Waldman ("Waldman") and Raymond Dauenhauer, pursuant to Integrity's Operating Agreement. The resolution authorizes Waldman, the managing member pursuant to the Operating Agreement, to sign documents and take necessary actions to effectuate Integrity's resolution to seek relief under Chapter 7 of Title 11. September 28, 2009 was designated by the Court as the date by which Schedules and the Statement of Financial Affairs were to be filed.

2. Integrity was incorporated January 10, 2007 as an LLC under Kentucky law. It was managed by Waldman until late February 2009 when Action Capital Corporation ("Action") fully took over Integrity's daily operations (ousting Waldman from Integrity's business premises and affairs) and those of Integrity's subsidiary business components under a power of attorney

provision of its agreement with Integrity. Action is a factoring company with which Integrity entered into a contract on or about May 16, 2008 to sell and assign accounts to Action to provide Integrity cash flow and liquidity and allow Integrity to focus on production. Action entered into a subordination agreement with Eclipse Bank ("Eclipse") on or about June 20, 2008 wherein Eclipse subordinated its secured position in receivables to Action in conjunction with Action providing capital to Integrity's business operations. Action began directing fundamental business decisions for Integrity such as hiring and firing and determining what vendors and creditors were paid in or about late October or early November 2008. It is believed Action purchased inventories and disposed of Integrity assets contrary to interests of Integrity's creditors and members during its management and control of Integrity. In or about May of 2009 Action ceased operation of Integrity's business affairs and surrendered the premises and assets of the LLC to Eclipse Bank. Action, Eclipse and Integrity have been engaged in litigation in Jefferson and Bullitt Circuit Courts in addition to other secured and unsecured creditors of Integrity and its business affiliates. Ken Bohnert ("Bohnert") of Conliffe, Sandman, & Sullivan PLLC represented Waldman and Integrity in these matters since June 2009, following withdrawal by Integrity's corporate counsel, J. Warren Bruenderman.

3. Exigency precipitating the filing of Integrity's chapter 7 petition was created, in part, by Notice in Bullitt Circuit Court Action No. 08-CI-1658 by Eclipse Bank during the first week of September, 2009 of an absolute auction scheduled for September 12, 2009 at which substantially all of Integrity's business assets were to be sold. The proposal for auction sale and appraisal by Eclipse's auctioneer, Tritech Appraisals, Inc., for a September 12, 2009 sale of Integrity's assets at $643,675.00 was over $1.4 Million less than the October 2008 $2,064,000.00 appraisal obtained by Integrity from Cincinnati Industrial Auctioneers. Integrity retained Cincinnati Industrial

Auctioneers to value its assets at an Orderly Liquidation Value while seeking refinancing with First Bank and other sources. Integrity questions whether the September 12, 2009 proposed auction was being conducted in a commercially reasonable manner and Waldman so advised representatives of Eclipse Bank prior to filing the chapter 7 petition. In addition, Integrity believes actions may arise on behalf of the bankruptcy estate due to the actions taken by secured creditors in the operation and liquidation of Integrity and related business entities.

4. Randall S. Scherer was appointed Interim Trustee. The Meeting of Creditors is scheduled for October 16, 2009 at 3:30 pm. Counsel for Integrity contacted the Interim Trustee upon Notice of his appointment and provided documents in Waldman and Integrity's possession and control. Waldman and bankruptcy counsel met with the Interim Trustee for several hours on September 23, 0029 providing information regarding the history and business dealings of the Debtor and the possible location of documentation regarding its business affairs. Because Waldman was ousted from day to day business operations and access to the premises of the Debtor by Action in February 2009, he has not had access to documentation necessary to accurately prepare schedules and the Statement of Financial Affairs for Integrity. On Friday September 25, 2009 counsel and a representative of Eclipse Bank provided the Interim Trustee, Waldman, corporate counsel Bohnert and bankruptcy counsel Apperson access to Integrity's business premises. Servers which should contain accurate corporate records and boxes with accounting records were located on the premises. Integrity is making arrangements for retrieval and transfer to its accountants through and as directed by the Interim Trustee from which it will prepare and file corporate tax returns, the schedules and the Statement of Financial Affairs herein.

**WHEREFORE,** based on the foregoing, Integrity requests the Court enter the attached Order extending the period in which the schedules and Statement of Financial Affairs are to be filed to and including October 9, 2009.

Respectfully Submitted,

/s/ Julie Brown Apperson
**JULIE BROWN APPERSON**
4949 Old Brownsboro Rd.
Suite 295
Louisville, KY  40222
(502) 327-1200
*Attorney for the Debtor*

## **CERTIFICATE OF SERVICE**

I certify the foregoing was served in conformity with CM/ECF Rule 6.8's Notice of Electronic Filing to parties on the electronic service list or by delivering a true copy via first class mail to parties not deemed to have consented to electronic notice or service on September 28, 2009.

/s/ Julie Brown Apperson
**JULIE BROWN APPERSON**